```
         IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

            MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION


   IN RE:                        )
                                 )
   MATTHEW R. PIKE and            )
   ASHLEY R. PIKE,               )
                                 )
       Debtors.                  )
                                 )
   MATTHEW R. PIKE and            )
   ASHLEY R. PIKE,               )     CIVIL ACTION NO.
                                 )       3:10cv292-MHT
       Plaintiff-Appellees,      )          (WO)
                                 )
       v.                        )
                                 )
   BRATTON AUTO FINANCIAL,       )
   INC. and BRATTON              )
   AUTOMOTIVE, INC.,             )
                                 )
       Defendants-Appellants.    )
```

OPINION

On April 7, 2010, the court issued a show-cause order as follows:

> "The judgment in this case was entered in the bankruptcy court on February 22, 2010. Appellants filed their notice of appeal on March 15. The court is concerned that the appellants' appeal is not timely under Fed. R. Bankr. P. 8002, which provides: 'The notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the

> judgment, order, or decree appealed from.'
>
> "Accordingly, it is ORDERED that the parties show cause, if any there be, in writing by May 21, 2010, as to why this appeal should not be dismissed as untimely."

On April 8, 2010, the court issued another show-cause order as follows:

> "It is ORDERED that appellants show cause, if any there be, in writing by May 21, 2010, as to why appellees' motion to dismiss appeal (doc. no. 3) should not be granted. Appellants are informed that if they fail to respond within the time allowed, the court will dismiss their appeal."

Appellants responded to the show-cause orders in a timely manner. Appellants contend that they mailed their notice of appeal in time to be filed in a timely manner under Fed. R. Bankr. P. 8002, but that the notice arrived late because Federal Express mishandled the delivery.

Fed. R. Bankr. P. 8008 states that, "Papers required or permitted to be filed with the clerk of the district court or the clerk of the bankruptcy appellate panel may be filed by mail addressed to the clerk, but filing is not timely unless the papers are received by the clerk

within the time fixed for filing, except that briefs are deemed filed on the day of mailing." Therefore, in spite of appellants' intentions, they failed to file timely their notice of appeal.

Admittedly, Fed. R. Bankr. P. 8002(c) provides for an "Extension of time for appeal." More specifically, Fed. R. Bankr. P. 8002(c)(2) provides: "A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Here, while appellants' failure to file their notice of appeal in a timely manner may have been due to excusable neglect, the court may not treat the untimely filed notice of appeal as a motion for extension of time under Rule 8002(c)(2). See <u>In re Williams</u>, 216 F.3d 1295, 1297-98 (11th Cir. 2000) (holding that when appellants filed no motion for extension with the bankruptcy court, the court may not

construe a late notice of appeal as a motion for extension of time.).

Appellees' motion to dismiss appeal will be granted and appellants' appeal will be dismissed as untimely.

An appropriate judgment will be entered.

DONE, this the 1st day of June, 2010.

                             /s/ Myron H. Thompson
                          UNITED STATES DISTRICT JUDGE

IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
IN RE:                          )
                                )
MATTHEW R. PIKE and             )
ASHLEY R. PIKE,                 )
                                )
     Debtors.                   )
                                )
MATTHEW R. PIKE and             )
ASHLEY R. PIKE,                 )       CIVIL ACTION NO.
                                )         3:10cv292-MHT
     Plaintiff-Appellees,       )            (WO)
                                )
     v.                         )
                                )
BRATTON AUTO FINANCIAL,         )
INC. and BRATTON                )
AUTOMOTIVE, INC.,               )
                                )
     Defendants-Appellants.     )
```

### JUDGMENT

In accordance with the opinion entered this date, it is the ORDER, JUDGMENT, and DECREE of the court as follows:

   (1) Appellees' motion to dismiss appeal (doc. no. 3) is granted.

   (2) Appellants' appeal is dismissed as untimely.

It is further ORDERED that costs are taxed against appellants, for which execution may issue.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DONE, this the 1st day of June, 2010.

      /s/ Myron H. Thompson
   UNITED STATES DISTRICT JUDGE